UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANNY WAYNE NEAL | ) | CASE NO. 18-10213(1)(7) |
| CARRIE LEE NEAL | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| DANNY WAYNE NEAL | ) | A.P. NO. 18-1005 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | |
| GRAVES-GILBERT CLINIC | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Amended Motion for Summary Judgment filed by Defendant Graves-Gilbert Clinic ("Defendant"). The Court considered the Defendant's Motion, the Response thereto filed by the Plaintiff/Debtor Danny Wayne Neal ("Debtor") and the comments of counsel for both parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Defendant's Amended Motion for Summary Judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 8, 2018, Debtor and Carrie Lee Neal filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On March 9, 2018, Debtor filed his "Complaint to Have Seized Monies Returned" alleging that Defendant seized $822.00 from the Debtor as preferential transfers during the 90 day period preceding the filing of Debtor's Chapter 7 Petition.

On November 22, 2017, Defendant filed a lawsuit against Debtor in the Warren District Court.  On January 10, 2018, a default judgment was entered against the Debtor by the Warren District Court in favor of the Defendant in the amount of $3,061.83, plus court costs of $133.50 which included $83.50 filing fee and a $50 sheriff's fee.  Defendant's attorney advanced the court costs.

Defendant instituted a garnishment and received the following amounts on the following dates pursuant to the garnishment:

| DATE RECEIVED | AMOUNT RECEIVED |
| --- | --- |
| 02/14/2018 | $160.89 |
| 02/23/2018 | $142.22 |
| 02/28/2018 | $160.89 |
| 03/07/2018 | $170.12 |
| **TOTAL** | **$634.12** |

On March 19, 2018, Defendant received another check for $188.58 from Defendant's employer.  This check constituted post-petition funds and was returned immediately to Debtor's employer.

Since Defendant's counsel had fronted the court costs, this amount was paid to Defendant's counsel out of the first wage garnishment funds received from the Debtor's employer.

## **LEGAL ANALYSIS**

The plaintiff bears the burden of proving each element of a preferential transfer under 11 U.S.C. § 547(b) by a preponderance of the evidence. *In re Nelson*, 419 B.R. 338, 340 (Bankr. W.D. Ky. 2009). In order for a transfer to constitute a voidable preference, the plaintiff must show: (1) benefit to a creditor; (2) on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made within 90 days before bankruptcy; and (5) which enabled the creditor to receive a larger share of the estate than if the transfer had not been made. 11 U.S.C. § 547(b). However, the trustee may not avoid a transfer under this section if, in a case filed by an individual debtor, such as the one at bar, whose debts primarily are consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600. *See*, 11 U.S.C. § 547(c)(8). Defendant claims that since it reimbursed its counsel the court costs, the funds garnished are within the *de minimis* exception provided in § 547(c)(8).

Defendant relies on *In re Nelson* in support of its claim that once the court costs were deducted from the first garnished check, the total garnished from the Debtor was less than $600. In *Nelson*, there were several defendants who were paid with garnished funds. However, the first paycheck garnished from the debtor in that case included $106.87 for court costs. The court costs were deducted from the garnished funds which reduced the amount of money turned over to one of the defendants. Thus, the court costs did not count toward the total amount of funds garnished by the defendant.

Debtor contends *In re Nelson* does not apply to this case simply because there were several defendants in *Nelson* who each received money in an amount less than $600. The Court is unpersuaded by Debtor's position. Here, the court costs were reimbursed to Defendant's counsel

and are properly deducted from the aggregate sum garnished from the Debtor. As in *Nelson* the total funds received by the Defendant were less than $600. Therefore, the funds received by the Defendant were not preferential transfers under 11 U.S.C. § 547(b) and fall within the *de minimis* exception of 11 U.S.C. §547(c)(8).

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** the Defendant's Amended Motion for Summary Judgment. A Judgment accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 6, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANNY WAYNE NEAL | ) | CASE NO. 18-10213(1)(7) |
| CARRIE LEE NEAL | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| DANNY WAYNE NEAL | ) | A.P. NO. 18-1005 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | |
| GRAVES-GILBERT CLINIC | ) | |
| | ) | |
| Defendant(s) | ) | |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that there are no issues of material fact in dispute and Defendant Graves-Gilbert Clinic is entitled to judgment as a matter of law, and the Court being otherwise duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Graves-Gilbert Clinic's Amended Motion for Summary Judgment is hereby **GRANTED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 6, 2018